Case 4:11-cv-00807-A   Document 11   Filed 03/29/12   Page 1 of 12   PageID 88

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 29 2012

CLERK, U.S. DISTRICT COURT
by_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:11-CV-807-A |
| | § | (NO. 4:10-CR-128-A) |
| | § | |
| JESUS HERNANDEZ-ZUNIGA | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Jesus Hernandez-Zuniga, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply. Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On August 20, 2010, movant pleaded guilty to one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326. On December 16, 2010, the court sentenced movant to eighty-four months' incarceration with the Bureau of Prisons, to be followed by a three-year term of supervised release. On October 11, 2011, the United States Court of Appeals for the

Fifth Circuit dismissed movant's appeal as frivolous. <u>United States v. Hernandez-Zuniga</u>, 443 F. App'x 925 (5th Cir. Oct. 11, 2011).

## II.

### Grounds of the Motion

Movant's first three grounds for relief alleged that he was denied effective assistance of counsel: at his rearraignment and sentencing by his trial counsel, Matt Belcher ("Belcher"), and on direct appeal by his appellate counsel, Jason Hawkins ("Hawkins"). As the fourth ground, movant alleged that his prior conviction was not a felony, so 8 U.S.C. § 1326(b) did not apply to enhance his sentence. As the fifth ground, movant claimed that his sentence was unreasonable.

As the factual basis of the first ground movant alleged that Belcher told him he would receive no more than twenty-seven months at sentencing if he pleaded guilty; however, at sentencing, Belcher told him the court would sentence him to a term of imprisonment that was four times above the guidelines.

As the factual basis for the second ground movant claimed that Belcher failed to investigate his past convictions of violence, drug crimes, or other aggravated felonies that might pertain to sentencing. Movant also complained that Belcher

2

allowed the court to interrupt him while he raised an objection, and when he was allowed to continue, sentencing was over and the objection came too late.

The factual basis of the third ground alleged that Belcher told movant he would appeal, but that all he filed was an Anders[1] brief. Movant alleged that Belcher never told him he filed anything and thus misled and abandoned him.

As the fourth ground movant alleged that the conviction used to enhance his sentence was not a felony under federal law and should not have been used to enhance his sentence above the guidelines.

Finally, as the factual basis for the fifth ground movant alleged that the court erred in departing from the guidelines to sentence him to a term of almost four times the maximum sentence in the guidelines. Movant alleged that the crime of which he was convicted was not serious and thus the sentence was unreasonable.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and

---

[1] Anders v. California, 386 U.S. 738 (1967).

3

finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

None of the Grounds Has Merit

A. Grounds One, Two and Three: Ineffective
Assistance of Counsel

1. Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

    2.   Claim One

The government construes movant's first ground as alleging his guilty plea was not knowing and voluntary because Belcher allegedly told him he would only receive a twenty-seven month sentence. The record fails to support movant's contention. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam) (internal quotations and citations

5

omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted). The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

At movant's rearraignment, the court explained that in federal court, "the Judge determines the penalty if a defendant is convicted" either by jury trial or guilty plea, and admonished movant not to "depend or rely upon any statement or promise by anyone" as to the potential sentence. Rearraignment Tr. at 8. The court explained that it was required to consider the applicable sentencing guidelines but could also depart from the guidelines under some circumstances; it was not bound by any stipulated facts between movant and the government; and, it could

impose punishment that might disregard any stipulated facts. Id. at 11-12. The court also warned movant he might not be able to withdraw his guilty plea in such a circumstance. Id. at 12.

The court explained how it determined movant's applicable guideline range and read the possible penalties to which movant could be subjected. Id. at 20. Movant testified that he understood that the sentencing guidelines were advisory but knew they would apply to his case, and he testified that he understood the possible penalties and punishments. Id. Of relevance here, upon specific questioning by the court, movant denied that anyone had made any promise or assurance to induce him to plead guilty. Id.

After considering all of the aforementioned testimony, the court expressly found movant's plea to be knowing and voluntary. Id. at 23. Under these facts, it is clear that movant knew the consequences of his plea as contemplated by the Fifth Circuit, and the court cannot now conclude that movant's plea was anything other than knowing and voluntary.[2]

---

[2] Movant is entitled to an evidentiary hearing on Belcher's alleged misrepresentations only by proving "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) (internal citations omitted). Movant has failed to allege or prove any of the aforementioned, nor has he produced "independent indicia of the likely merit of [his] allegations" in the form of an affidavit from a "reliable third party." Id. at 1110. Accordingly, the court need not credit movant's conclusory assertions of what Belcher allegedly told him about his possible sentence.

3. <u>Claim Two</u>

Movant alleged that Belcher failed to investigate his past convictions. A defendant alleging that his attorney failed to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989). Movant failed to make such a showing. Movant did not allege anything that Belcher would have gained from investigating his background or interviewing him that would in any way have altered the outcome of the case.

Nor has movant made a showing of prejudice on his contention that Belcher allowed the court to interrupt him during an objection. The record shows that Belcher continued his objection following imposition of the sentence, and further shows that prior to imposition of the sentence, Belcher argued a lengthy objection to the court concerning the court's tentative conclusion to upwardly depart on movant's sentence. This ground affords movant no relief.

4. <u>Claim Three</u>

Movant's third claim of ineffective assistance of counsel fares no better than the first two. Movant claims that counsel told him he would appeal the sentence, and a notice of appeal was

8

timely filed on December 21, 2010. Movant received a copy of the Anders brief filed by Hawkins, and was afforded the opportunity to file a response with the appellate court. The Fifth Circuit agreed that "the appeal presents no nonfrivolous issue for appellate review," and dismissed the appeal. Hernandez-Zuniga, 443 F. App'x at **1. Movant has failed to direct the court to any non-frivolous issues Hawkins could have raised on appeal, nor has he shown a reasonable probability that, but for counsel's errors, the result of the appeal would have been different. Sharp v. Puckett, 930 F.2d 450, 453 (5th Cir. 1991).

B.   Ground Four

Movant alleged that the offense used to enhance his sentence was a felony only under Texas, but not federal, law. Movant raised this issue in his pro se appellate brief to the Fifth Circuit. The Fifth Circuit considered the arguments in plaintiff's brief and dismissed the appeal as frivolous. Id. "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered" in a motion pursuant to § 2255. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

This claim fails for the additional reason that movant misapprehends the basis of the enhancement. In a supplemental

9

brief attached to the motion,³ movant argues that although his conviction for possession was a felony under Texas law, it would not be considered a felony under 21 U.S.C. § 844(a), and thus could not be used to enhance his sentence. However, the presentence report recommended a four-level increase in movant's offense level based on § 2L1.2(b)(1)(D) of the U. S. Sentencing Guidelines, which provides for such an increase if a defendant was previously deported, or remained in the United States, following "a conviction for any other felony." The pertinent comment defines "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S. Sentencing Guideline Manual § 2L1.2 cmt. n.2 (2009).

The conviction of which movant complains--possession of a controlled substance under one gram--is a state jail felony pursuant to section 481.115(b) of the Texas Health & Safety Code. Under the Texas Penal Code a state jail felony carries a term of imprisonment of not more than two years nor less than 180 days. Tex. Penal Code § 12.35. Thus, movant's conviction for possession of a controlled substance constitutes a felony for purposes of a sentence increase under the U.S. Sentencing

---

³The supplemental brief appears to be a copy of movant's brief filed with the Fifth Circuit in conjunction with his appeal.

Guidelines. See United States v. Martinez-Padron, 401 F. App'x 934 (5th Cir. Nov. 15, 2010) (holding defendant's conviction under Texas law for possession of a controlled substance of less than one gram was a felony for purposes of § 2L1.2).

C. Ground Five

The gist of this argument appears to be that the court's upward departure from the sentencing guidelines resulted in an unreasonable sentence. Not only was this argument raised by movant in his pro se appellate brief and rejected as frivolous on appeal, but challenges to the court's application of the sentencing guidelines are not cognizable in a motion pursuant to § 2255. See, e.g., United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).

V.

ORDER

Therefore,

The court ORDERS that the motion of Jesus Hernandez-Zuniga to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255

11

Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 29, 2012.

_____
JOHN McBRYDE
United States District Judge